UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JAMES MEARS, Individually, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CYPRESS CREEK ASSOCIATES LIMITED : <br> PARTNERSHIP, : <br> : <br> Defendant. : <br> _____/ : | Case No. |

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, JAMES MEARS, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, CYPRESS CREEK ASSOCIATES LIMITED PARTNERSHIP, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff is a Florida resident, lives in Broward County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is mobility impaired.

2. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant

|    |    |
|----|----|
|    | owns, operates, leases or leases Cypress Creek Station, and is located in the County of Broward. |
| 3. | Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district. |
| 4. | Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202. |
| 5. | As the owner, lessor, lessee, or operator of the subject premises, Defendant is required to comply with the ADA.  To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"),  the owner, lessor, lessee, or operator  has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182.  To the extent that the property, or portions thereof, were constructed prior to January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator  was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183.  To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator  was under an obligation to make such alterations in such a manner that, to the maximum |

        extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

6. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG").  Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible.  Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible.  Failure to comply with these requirements constitutes a violation of the ADA.

7. A preliminary inspection of the Cypress Creek Station at 6201 N. Andrews Ave., Broward County, Florida has shown that violations exist.  These violations include, but are not limited to:

**General**

1. Defendant fails to maintain its accessible features and fails to adhere to a policy, procedure and practice of monitoring and ensuring that its goods, services and facilities are readily accessible to and usable by disabled persons.

**Parking**

2. The signage is mounted lower than 60" minimum above the ground surface to the bottom of the sign at one of the accessible parking spaces in front of

the Moonlite Diner in violation of 1991 ADAAG Section 4.6.4; 2010 ADAAG Section 502.6.

**Entrance Access and Path of Travel**

3. The path of travel from the accessible parking space in front of the Moonlite Diner leads to a curb ramp with a running slope greater than 8.3% in violation of 1991 ADAAG Sections 4.3.2(1); 4.3.8; 4.5.2; 4.7.2; 4.8.2; 2010 ADAAG Sections 206.2.1; 303.4; 402.2; 405.2; 406.1.

4. The path of travel in front of the Moonlite Diner has areas with a cross slope greater than 1:48 (≈2%) in violation of 1991 ADAAG Sections 4.3.2(2); 4.3.7; 2010 ADAAG Sections 206.2.2; 403.3.

5. A level landing is not provided at the entrance to the Moonlite Diner. The slope at the entrance is greater than 1:48 (≈2%) in violation of 1991 ADAAG Sections 4.13.6; 2010 ADAAG Sections 206.4; 404.2.4.4.

6. There is no accessible path of travel between the Moonlite Diner and the Just for Sports store. The route includes areas with running slopes greater than 5% without the provision of handrails in violation of 1991 ADAAG Sections 4.3.2(2); 4.3.7; 4.3.8; 4.5.2; 4.8.5; 2010 ADAAG Sections 206.2.2; 303.4; 402.2; 403.3; 405.8; 505.

7. There is no accessible path of travel between the Just for Sports store and the rest of the facility. The route includes areas with running slopes greater than 5% without the provision of handrails in violation of 1991 ADAAG

Sections 4.3.2(2); 4.3.7; 4.3.8; 4.5.2; 4.8.5; 2010 ADAAG Sections 206.2.2; 303.4; 402.2; 403.3; 405.8; 505.

8. The path of travel along the corner of the building where the Gyroville restaurant is located includes areas with running slopes greater than 5% without the provision of handrails and areas with running slopes greater than 8.3% in violation of 1991 ADAAG Sections 4.3.2(2); 4.3.7; 4.3.8; 4.5.2; 4.8.2; 4.8.5; 2010 ADAAG Sections 206.2.2; 303.4; 402.2; 403.3; 405.2; 405.8; 505.

9. The path of travel along the from the accessible parking spaces on the south side of the Regal Cinemas includes an area with a running slope greater than 5% without the provision of handrails in violation of 1991 ADAAG Sections 4.3.2(1); 4.3.7; 4.3.8; 4.5.2; 4.8.5; 2010 ADAAG Sections 206.2.1; 303.4; 402.2; 403.3; 405.8; 505.

10. The path of travel along the building north of the Regal Cinemas includes areas with running slopes greater than 8.3% and a trash can obstructs the path of travel reducing it to less than 36" wide. Accessible features are not properly maintained in violation of 28 CFR 36.211; 1991 ADAAG Sections 4.3.2(2); 4.3.3; 4.3.7; 4.3.8; 4.5.2; 4.8.2; 4.8.5; 2010 ADAAG Sections 206.2.2; 303.4; 402.2; 403.3; 403.5.1; 405.2; 405.8; 505.

11. The path of travel from the accessible parking spaces in front of the LA Fitness health club leads to a curb ramp without a level landing and excessively sloped side flares due to a bike rack at the top of it. Also, the

location of the bike rack causes a cross slope greater than 1:48 (≈2%) to the northern part of the facility in violation of 1991 ADAAG Sections 4.3.2(1); 4.3.2(2); 4.3.7; 4.3.8; 4.5.2; 4.7.5; Figure 12(a); 2010 ADAAG Sections 206.2.1; 206.2.2; 303.4; 402.2; 403.3; 403.4; 406.4.

**Tenant Spaces**

**Moonlite Diner - 6201 N Andrews Ave., Fort Lauderdale, FL 33309**

**Men's Restroom**

12. The toilet compartment door lacks the required pull hardware on both sides in violation of 1991 ADAAG Sections 4.13.9; 4.17.5; 2010 ADAAG Section 604.8.1.2.

13. The side grab bar extends less than 54" from the rear wall, the top of the gripping surfaces on the grab bars is higher than 36" above the finish floor, and the rear grab bar is less than 36' long in the accessible toilet compartment in violation of 1991 ADAAG Sections 4.17.3; 4.17.6; 2010 ADAAG Sections 604.5; 604.8.1.5; 609.4.

14. The lavatory pipes are not properly insulated in the accessible toilet compartment in violation of 1991 ADAAG Section 4.19.4; 2010 ADAAG Section 606.5.

15. The soap dispenser is mounted higher than 48" above the finish floor with only a forward reach available in the accessible toilet compartment in violation of 1991 ADAAG Sections 4.2.5; 4.27.3; 2010 ADAAG Sections 308.2; 309.3.

16. The bottom edges of the reflecting surfaces on the mirrors inside and outside the accessible toilet compartment are higher than 40" maximum above the finish floor in violation of 1991 ADAAG Section 4.19.6; 2010 ADAAG Section 603.3.

17. The pedestal lavatory outside the accessible toilet compartment does not allow for the minimum required knee and toe clearances in violation of 1991 ADAAG Section 4.19.2; 4.19.3; 2010 ADAAG Section 306; 606.2.

18. The restroom door requires more than 5 pounds of force to push it open in violation of 1991 ADAAG Section 4.13.11; 2010 ADAAG Section 404.2.9.

**Exterior Seating**

19. The exterior seating does not provide toe clearance that extends 17" minimum under the tables in violation of 1991 ADAAG Sections 4.1.3(18); 4.32.3; 2010 ADAAG Sections 226; 305.4; 306.2.3; 902.2.

**The Bread Shop - 6301 N Andrews Ave., Fort Lauderdale, FL 33309**

**Men's Restroom**

20. An accessible path of travel that is 36" wide minimum is not provided to the restrooms due to the location of a refrigerator that obstructs the route. Accessible features are not properly maintained in violation of 28 CFR 36.211; 1991 ADAAG Section 4.3.3; 2010 ADAAG Sections 206.2.4; 403.5.1.

21. The toilet compartment door lacks the required pull hardware on both sides and it is not self-closing in violation of 1991 ADAAG Sections 4.13.9; 4.17.5; 2010 ADAAG Sections 604.8.1.2.

22. The lavatory pipes are not properly insulated in the accessible toilet compartment in violation of 1991 ADAAG Section 4.19.4; 2010 ADAAG Section 606.5.

23. The coat hook on the accessible toilet compartment door is mounted higher than 54" above the finish floor in violation of 1991 ADAAG Section 4.2.6; 2010 ADAAG Sections 213.3.7; 308; 604.8.3.

24. The toilet paper dispenser is mounted greater than 36" from the rear wall, the side grab bar extends less than 54" from the rear wall, and the centerline of the water closet is more than 18" from the side wall in the accessible toilet compartment in violation of 1991 ADAAG Sections 4.16.2; 4.16.4; 4.16.6; Figure 28; Figure 29; 2010 ADAAG Sections 604.2; 604.5.2; 604.7.

25. The toilet paper dispenser is mounted less than 12" above the side grab bar in the accessible toilet compartment in violation of 1991 ADAAG Section 4.16.6; Figure 29; 2010 ADAAG Section 609.3.

8. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered barriers at the subject property which discriminate against him on the basis of his disability.

9. In the alternative, Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

10. The violations present at Defendant's facility, create a hazard to Plaintiff's safety.

11. Plaintiff is continuously aware of the violations at Defendant's facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless he is willing to suffer additional discrimination.

12. The violations present at Defendant's facility infringe Plaintiff's right to travel free of discrimination.  Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's facility.  By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.  By encountering the discriminatory conditions at Defendant's facility, and knowing that it would be a futile gesture to return unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel.  By maintaining a public accommodation with violations, Defendant deprives plaintiff the equality of opportunity offered to the general public.

13. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

14. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 7 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Cypress Creek Station not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

15. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

16. The discriminatory violations described in paragraph 7 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the

Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's

fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Cypress Creek Station to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

|  |  |
|---|---|
|  | Thomas B. Bacon, P.A.<br>621 South Federal Highway, Suite Four<br>Fort Lauderdale, Florida 33301<br>954-462-0600<br>fax 954-462-1717<br>cullen@thomasbaconlaw.com<br>Florida Bar. Id. No. 167853<br><br>By:*/s/ Philip Michael Cullen, III,* |